UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY JAMES,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>WASHINGTON STATE PATROL et al.,<br><br>　　　　　　　Defendants. | CASE NO. 2:25-cv-01029-TL<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE |

　　　This case arises out of Plaintiff Henry James's allegations of civil rights violations against various institutional and individual defendants. The underlying subject matter appears to concern a series of encounters Plaintiff has had with local law enforcement, the state courts, and other ancillary arms of the criminal justice system. This matter is before the Court on its own motion. Having reviewed Plaintiff's complaint (Dkt. No. 5), the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and therefore DISMISSES Plaintiff's complaint, with leave to file an amended complaint.

## I. BACKGROUND

On May 30, 2025, Plaintiff, proceeding pro se, filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP was granted, but the Honorable Brian A. Tsuchida, United States Magistrate Judge, recommended review under 28 U.S.C. § 1915(e)(2)(B) before issuance of a summons. Dkt. No. 4.

## II. LEGAL STANDARD

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, No. C14-378, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129).

Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). However, a plaintiff still must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To state a plausible claim for relief in federal court, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*

Where a plaintiff proceeds pro se, courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [pro se] claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see, e.g.*, *Henderson v. Anderson*, No. C19-789, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("'[C]ourts should not have to serve as advocates for *pro se* litigants.'") (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)).

### III. DISCUSSION

Here, Plaintiff's complaint comprises 23 claims alleged against 13 Defendants. *See* Dkt. No. 5 at 16–31. Although the complaint includes diverse allegations of misconduct, Plaintiff has identified the basis for the Court's jurisdiction as 42 U.S.C. § 1983 ("Section 1983") and pleaded the case as a civil-rights complaint. *Id.* at 4–5 (affirming complaint is "a § 1983 claim" and alleging violations of the First, Fourth, Sixth, and Fourteenth Amendments). Under Section 1983, a plaintiff can sue state or local officials for "the deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983.

#### A.  Federal Rules of Civil Procedure 18 and 20

Before addressing the individual claims in Plaintiff's complaint, the Court must first address the question of whether they all belong together in the same lawsuit.

> A basic lawsuit is a single claim against a single defendant. FRCP 18(a) allows a plaintiff to add multiple claims to the lawsuit when they are against the same defendant. FRCP 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." However, unrelated claims that involve different defendants must be brought in separate lawsuits.

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE – 3

*Downing v. Nevada*, No. C22-2175, 2023 WL 3724243, at *2 (D. Nev. May 30, 2023). Simply put, "[u]nrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff attempts to combine multiple unrelated claims into one lawsuit. Plaintiff's claims against Defendant Gavin appear to derive from a 2015 traffic stop in which Plaintiff was subjected to a field sobriety test. *See* Dkt. No. 5 at 16–18. Plaintiff's claim against Defendant City of Seattle/City Council/Court Administrator appears to derive from interaction(s) between Plaintiff and the state court in or around 2024 and 2025. *See id.* at 18–19. Plaintiff's claims against Defendant Intoxalock–Mindr Consumer Safety Technology ("Intoxalock") appear to derive from Plaintiff's ongoing relationship with the private company that administered the ignition interlock system on his vehicle during an unspecified time period. *See id.* at 20–22. One of Plaintiff's claims against Defendant Washington State Patrol/Police appears to derive from the aforementioned traffic stop involving Defendant Gavin, while the others appear to derive from Plaintiff's relationship with Intoxalock. *See id.* at 22–23. Plaintiff's claims against Defendant Dutton Clarke also appear to derive from Plaintiff's relationship with Intoxalock. *See id.* at 23–24. Plaintiff's claims against Defendant City of Lake Forest Police Department and Defendant Francisco Montague appear to derive from a traffic stop that occurred on or about December 24, 2023. *See id.* at 24–25. Plaintiff's claims against Defendant City of Lake Forest Park/The Mayor/City Council appear to be related to the Intoxalock claims. *See id.* at 25–26. Plaintiff's claims against Defendant Sean Parrent and Defendant Christian W. Smith appear to derive from Plaintiff's criminal representation in court on or about October 28, 2024, although it is unclear if the matter in which these Defendants represented Plaintiff is related to any of the events discussed above. *See id.* at 27–28. Plaintiff's claim against Defendant Larry Grant appears to derive from the aforementioned "interaction(s) between Plaintiff and the state court in or around

2024 and 2025," but it is not entirely clear from the pleading if this is so. *See id.* at 28–29. Finally, Plaintiff's claim against Defendant "State of Washington/The Governor/Voters of the City of Seattle King County" appears to derive from events stemming from the traffic stop with Defendant Gavin. *See id.* at 30–31.

All told, as pleaded, Plaintiff's complaint appears to describe not one, but at least five separate lawsuits. On the facts before it, however, the Court is unable to definitively conclude which claims belong together. Further, as discussed below, not all of Plaintiff's claims are sustainable as a matter of law.

**B.     Claims**

The Court addresses Plaintiff's claims in turn.

**1.     "Claim One First Defendant"**

Plaintiff alleges that Defendant Brian Gavin (or Galvin), an employee of the Washington State Patrol ("WSP"), "made unwanted physical contact to plaintiff during DRE DUI Testing at the Roanoke St. WSP Trooper Station for over an hour and a half, touching on plaintiff's buttocks and groin area several times while try [*sic*] to show plaintiff how to stand in position for DUI Testing." Dkt. No. 5 at 16. It appears that this incident occurred on November 29, 2015. *Id.* Plaintiff alleges that Defendant's misconduct violated "Section 703 Title VII of the Civil Rights Act of 1964; the 14 Amendment and Equal Protection Clause, and potential 8th Amendment Cruel and Unusual Punishment." *Id.*

As to Plaintiff's invocation of Title VII of the Civil Rights Act of 1964, Title VII protects individuals from discrimination within the context of employment. In substance, the statute, among other things, outlaws "unlawful employment practices." 42 U.S.C. § 2000e-2. Plaintiff's claim here has nothing to do with employment, so Title VII is inapplicable.

With respect to the constitutional bases for the claim, the Court examines the alleged misconduct through the lens of common-law tort. *See Carey v. Piphus*, 435 U.S. 247, 257 (1978) (holding that "the common law of torts" . . . "defin[es] the elements of damages and the prerequisites for their recovery . . . under § 1983"). The Court looks at *how* Plaintiff's constitutional rights were allegedly violated—what, specifically, did Defendant do to him? *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) ("Section 1983 provides a federal cause of action, but . . . federal law looks to the law of the State in which the cause of action arose."). The substance of this claim appears to be assault and battery, so Washington tort law applies. *See Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) ("When . . . a federal civil rights statute does not include its own statute of limitations, federal courts borrow the forum state's limitations period for personal injury torts . . . ."). In Washington, the statute of limitations for "injury to the person" is three years. RCW 4.16.080(2); *see Dunn v. City of Seattle*, 420 F. Supp. 3d 1148, 1156–57 (W.D. Wash. 2019) (finding that RCW 4.16.080(2) prescribed a three-year statute of limitations in Section 1983 claim). Here, given that the complained-of conduct occurred nearly 10 years ago, Plaintiff is time-barred from basing a Section 1983 claim upon it.

Because no additional facts could cure the claim's temporal problems, this claim is DISMISSED WITH PREJUDICE.

**2.    "Claim [T]wo First Defendant"**

Plaintiff alleges that "Defendant Gavin waited about 2 hours to take a 'Warrantless Blood Draw' from the plaintiff absent the 'Exigent Circumstance Exception' mandated by the U.S. Supreme. In violation of the plaintiff's 4th Amendment and 14th Amendment Rights of the Constitution." Dkt. No. 5 at 17. Plaintiff appears to allege that the alleged misconduct here also occurred on or about November 29, 2015. *Id.* As is the case with Plaintiff's first claim, Plaintiff

is time-barred from basing a Section 1983 claim on this alleged misconduct. Therefore, this claim is DISMISSED WITH PREJUDICE.

3.     **"Claim Three First Defendant"**

Plaintiff alleges that "[d]uring plaintiff [*sic*] first trial on the DUI charge, defendant Gavin intentionally mislead/tainted the jury, forcing them to believe plaintiff was high, in violation of Motions in Limine; which resulted in a Mistrial. In violation of plaintiff's 5th and 6th Amendment rights of the constitution." Dkt. No. 5 at 17. In this claim, the complained-of conduct appears to concern false testimony that Defendant Gavin gave during a trial in which Plaintiff was a defendant. But "[w]itnesses, including police witnesses, are immune from liability [under Section 1983] for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001) (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)).

Therefore, Plaintiff has no viable cause of action for anything that Defendant Gavin might or might not have said while testifying at Plaintiff's trial. Accordingly, this claim is DISMISSED WITH PREJUDICE.

4.     **"Claim One Second Defendant"**

Plaintiff alleges that "Defendant City of Seattle/City Council/Court Administrator" is responsible for violations of plaintiff's State Constitutional rights to Due Process and Equal Protection rights of the constitution due to additional punishment it levies for plaintiff no/low income, rendering an unconstitutionally excessive punishment." Dkt. No. 5 at 18. In pleading this claim, Plaintiff provides a narrative about communications he had with City employees "concerning extending his Community Service hours due to [Plaintiff's] getting sick only completing half of his 12 hours." *Id.* at 18–19. Although Plaintiff provides substantial detail regarding the complained-of misconduct, the Court cannot locate the specific deprivation of

rights that Plaintiff is alleging under Section 1983. There is not, in other words, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The claim is not unsalvageable, however, and Plaintiff might be able to plead additional facts to render it viable in an amended complaint. Therefore this claim is DISMISSED WITHOUT PREJUDICE, with leave to amend.

> 5. **"Claim One Third Defendant"**
> 6. **"Claim Two Third Defendant"**
> 7. **"Claim Three Third Defendant"**
> 8. **"Claim Four Third Defendant"**

Plaintiff alleges four claims against Defendant Intoxalock–Mindr Consumer Safety Technology ("Intoxalock"). *See* Dkt. No. 5 at 20–22. Plaintiff's claims against Intoxalock are difficult to parse, and Intoxalock does not appear to be a state actor. Although a "private entity can, in certain circumstances, be subject to liability under section 1983," *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 954 (9th Cir. 2008) (en banc), "a plaintiff must show that 'the conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (quoting *Lugar v. Edmonston Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff does not sufficiently establish that Intoxalock's alleged misconduct was fairly attributable to the State. Plaintiff alludes to a "Sentencing Court," "DOL"—i.e., the Washington State Department of Licensing—and "King County District Court, West Division," but Plaintiff's description of what happened to him is confusing, and the link between each alleged deprivation and the State is only cursorily established, if at all. *See* Dkt. No. 5 at 20–22. Even so, the inclusion of additional facts might render these claims viable.

Therefore, these claims are DISMISSED WITHOUT PREJUDICE, with leave to amend. *See Smith v. Washington State*, No. C14-5974, 2015 WL 2127124, at *2 (W.D. Wash. May 6, 2015)

1  ("Vague and conclusory allegations of official participation in civil rights violations are not
2  sufficient to withstand a motion to dismiss.") (citing *Pena v. Gardner*, 976 F.2d 469, 471 (9th
3  Cir. 1992)).

4        **9.**    **"Claim One Fourth Defendant"**
       **10.**  **"Claim Two Fourth Defendant"**
5        **11.**  **"Claim Three Fourth Defendant"**

6  Plaintiff alleges three claims against "Defendant Washington State Patrol/Police." Dkt.
7  No. 5 at 22–23. "Neither states nor state officials acting in their official capacities are 'persons'
8  for purposes of 42 U.S.C. § 1983." *Smith*, 2015 WL 2127124, at *3 (citing *Will v. Mich. Dep't of*
9  *State Police*, 491 U.S. 58, 71 (1989)). "This rule applies equally to state agencies." *Id.* (citing
10 *Kaimowitz v. Bd. of Trs. of the Univ. of Ill.*, 951 F.2d 765, 767 (7th Cir. 1991)). "A governmental
11 agency that is an arm of the state is not a 'person' for purposes of § 1983." *Id.* (citing *Howlett v.*
12 *Rose*, 496 U.S. 356, 365 (1990)).

13 Therefore, Plaintiff has no viable claims against Washington State Patrol, and these
14 claims are DISMISSED WITH PREJUDICE.

15        **12.**  **"Claim One Fifth Defendant"**
       **13.**  **"Claim Two Fifth Defendant"**
16        **14.**  **"Claim Three Fifth Defendant"**

17 Plaintiff alleges three claims against Defendant Dutton Clarke. Dkt. No. 5 at 23–24.
18 Plaintiff identifies Defendant Clarke's job or title as "Intoxalock Ignition Interlock at Stereo
19 Warehouse Inc." *Id.* at 8. Plaintiff's claims against Defendant Clarke are deficient in the same
20 way that his claims against Defendant Intoxalock are deficient. Plaintiff has not sufficiently
21 pleaded how the complained-of conduct that he alleges against Defendant Clarke is fairly
22 attributable to the State. *See Tsao*, 698 F.3d at 1139.

23 Moreover, to the extent that Plaintiff seeks to allege "Civil Fraud" against Defendant
24 Clark (*see* Dkt. No. 5 at 12), Plaintiff's claim is deficient because he has not affirmatively

pleaded the nine elements of fraud under Washington law. *See In re Pac. Mkt. Int'l, LLC, Stanley Tumbler Litig.*, 764 F. Supp. 3d 1026, 1049 (W.D. Wash. 2025). "The nine elements of fraud are: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

These deficiencies, however, are potentially curable with the addition of additional facts. Therefore, these claims are DISMISSED WITHOUT PREJUDICE, with leave to amend.

15. **"Claim One Sixth Defendant"**
16. **"Claim Two Sixth Defendant"**

Plaintiff alleges two claims against Defendant City of Lake Forest Police Department. Dkt. No. 5 at 24–25. These claims are deficient in the same way that Plaintiff's claims against Defendant Washington State Patrol are deficient—the City of Lake Forest Police Department is not considered a "person" for the purposes of Section 1983. *See Sussman v. San Diego Police Dep't*, No. C19-1063, 2019 WL 13273194, at *3 (S.D. Cal. Nov. 4, 2019) ("[L]ocal law enforcement departments . . . may not be held liable under § 1983 at all, for they are not considered proper defendants under the language of the statute.").

Therefore, Plaintiff has no viable claims against Defendant City of Lake Forest Police Department, and these claims are DISMISSED WITH PREJUDICE.

17. **"Claim One Seventh Defendant"**

Plaintiff alleges that Defendant Francisco Montague, a "Lake Forest Park Police Officer," unlawfully pulled him over in a traffic stop on or about December 24, 2023. *See* Dkt. No. 5 at 24–25. Plaintiff alleges that "he was racially profiled by defendant Montague on 12/24/23." *Id.* at

24. But although Plaintiff asserts that Defendant Montague had no basis to pull him over and, subsequently, should not have asked him about an ignition interlock device "without checking [P]laintiff's license plates," Plaintiff does not allege any facts that suggest that race informed Defendant Montague's conduct. Dkt. No. 5 at 24. As alleged, then, Plaintiff's claim is insufficient. "As a general principle, . . . conclusory allegations of racial profiling 'unsupported by any facts as to how race entered into any decisions' are insufficient to give rise to a plausible § 1983 claim." *Abdul-Hafeez v. City of San Diego*, No. C24-1184, 2025 WL 696993, at *4 (S.D. Cal. Mar. 4, 2025) (quoting *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984)).

This claim, however, is potentially viable with the inclusion of additional facts. Therefore, this claim is DISMISSED WITHOUT PREJUDICE, with leave to amend.

        18.       **"Claim One Eighth Defendant"**
        19.       **"Claim Two Eighth Defendant"**

Plaintiff alleges two claims against Defendant City of Lake Forest Park/The Mayor/City Council for how a judge and prosecutor addressed and used Intoxalock in enforcing violations against Plaintiff. Dkt. No. 5 at 25–26. These claims are deficient as to Defendant City of Lake Forest Park because "[a] local government may not be held liable under § 1983 unless the plaintiff can plead that the deprivation was caused by the implementation or execution of a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *Sussman*, 2019 WL 13273194, at *3 (quoting *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690 (1978)). Plaintiff has not alleged as much here. As to Defendants "The Mayor/City Council," "[W]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE – 11

dismiss the officer as a redundant defendant." *Ctr. for Bio-Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citation omitted).

These claims, however, may be viable with the inclusion of additional facts. Therefore, these claims are DISMISSED WITHOUT PREJUDICE, with leave to amend.

**20.  "Claim One Ninth Defendant"**

Plaintiff alleges that Defendant Sean Parrent, his "former Court Appointed Attorney," "made malpractice mistakes that has [*sic*] caused the plaintiff harm, financial losses and transportation problems getting back in forth to his job and Doctor's Office." Dkt. No. 5 at 27. The Ninth Circuit has held that a public defender, whose "function was to represent his client, not the interests of the state or county," is not "a state actor within the meaning of § 1983," even though he "was, no doubt, paid by government funds and hired by a government agency." *Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003).

Therefore, Plaintiff does not have a viable claim against Defendant Parrent, and this claim is DISMISSED WITH PREJUDICE.

**21.  "Claim One Tenth Defendant"**

Plaintiff's claim against Defendant Christian W. Smith, another public defender who represented him, is nearly identical to his claim against Defendant Parrent. *See* Dkt. No. 5 at 27–28. Consequently, it is similarly deficient and cannot be sustained as a matter of law. *See Miranda*, 319 F.3d at 468.

Therefore, Plaintiff does not have a viable claim against Defendant Smith, and this claim is DISMISSED WITH PREJUDICE.

**22.  "Claim One Eleventh Defendant"**

Plaintiff appears to allege that Defendant Larry Grant, "Operations Supervisor at Seattle Municipal Court," is liable for the actions of his subordinates, "Ms. G.P." and "another

receptionist," with whom Plaintiff discussed his legal situation. *See* Dkt. No. 5 at 28–29. To the extent that Plaintiff alleges any specific action against Defendant Grant, it is that Defendant Grant "agreed with [Ms. G.P.]" about something. *Id.* at 29. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676. "[V]icarious liability is inapplicable to *Bivens* and § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Plaintiff has not done so with respect to Defendant Grant.

This deficiency is curable, however, with the inclusion of additional facts. Therefore, this claim is DISMISSED WITHOUT PREJUDICE, with leave to amend.

**23.    "Claim One [T]welfth Defendant"**

The final Defendant is "State of Washington/The Governor/Voters of the City of Seattle King County." Dkt. No. 5 at 11. None of the allegations in Plaintiff's 23rd claim describes misconduct that occurred after November 4, 2019. *See id.* at 30–31. As discussed above, *supra* Section III.B.1, Plaintiff is time-barred from bringing any claims under Section 1983 that accrued more than three years prior to the filing of his complaint.

Therefore, this claim is unviable and is DISMISSED WITH PREJUDICE.

**C.    Future Pleadings**

Plaintiff's claims against Defendant City of Seattle/City Council/Court Administrator ("Second Defendant"), Defendant Intoxalock ("Third Defendant"), Defendant Clarke ("Fifth Defendant"), Defendant Montague ("Seventh Defendant"), Defendant City of Lake Forest Park/The Mayor/City Council ("Eighth Defendant"), and Defendant Grant ("Eleventh Defendant") have been dismissed without prejudice. *To be clear, the claims against these Defendants are dismissed.* Still, the Court has determined that, with the inclusion of additional

facts, these allegations could be re-pleaded as viable claims. As discussed above, however, *see supra* Section III.A, on the facts before the Court, it is not clear that all or any of these Defendants belong together in the same lawsuit. If Plaintiff intends to re-plead these allegations into a consolidated complaint (or complaints), he will need to allege a factual basis for doing so. *See* Fed. R. Civ. P. 18(a), 20(a)(2).

Courts typically allow pro se plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore grant Plaintiff leave to file an amended complaint that sufficiently "plead[s] factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. **However, Plaintiff may only amend and re-plead those claims that the Court has dismissed *without prejudice*. Further, Plaintiff may not combine claims or Defendants into the same lawsuit, unless Plaintiff pleads facts demonstrating that those claims and/or Defendants belong in the same lawsuit. If the claims and/or Defendants are unrelated, then Plaintiff must decide which claim(s) and Defendant(s) meet the requirement to be included in this case. He must file a new lawsuit (or lawsuits) for any remaining claim(s) or Defendant(s).** If Plaintiff fails to file an amended complaint by the deadline, or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

### IV.     PLAINTIFF'S MOTION TO SERVE SUMMONS

On June 24, 2025, Plaintiff filed a motion seeking to have the United States Marshals Service serve Defendants with summonses in this case. Dkt. No. 6. However, because Plaintiff's complaint is subject to review under 28 U.S.C. § 1915(e)(2)(B), the Clerk of Court has not issued any summonses. In any event, the Court's dismissal of all of Plaintiff's claims renders the motion moot.

V.     Conclusion

Accordingly, the Court ORDERS as follows:

(1)     Plaintiff's complaint (Dkt. No. 5) is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend the complaint within **thirty (30) days** of this Order. Therefore, any amended complaint is due by **September 4, 2025.**

(2)     Plaintiff's motion for Service by United States Marshals (Dkt. No. 6) is DENIED.

Dated this 5th day of August 2025.

Tana Lin
United States District Judge

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE – 15