UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY JAMES,

            Plaintiff,

  v.

WASHINGTON STATE PATROL et al.,

            Defendants.

CASE NO. 2:25-cv-01029-TL

ORDER ON RULE 60(b) MOTION

      This matter is before the Court on Plaintiff's August 22, 2025, motion. Dkt. No. 10. Having reviewed the motion and the relevant record, the Court DENIES the motion.

### I.     NATURE OF THE MOTION

      Plaintiff has captioned the filing as a Motion for Reconsideration, yet he also purports to "present[] th[e] motion in accordance with rule 60(b) of the Federal Rules of Civil Procedure." *Id.* at 1. Because the motion is untimely as a motion for reconsideration, *see* LCR 7(h)(2), the Court considers it as a motion for relief from a judgment or order under Federal Rule of Civil Procedure 60(b). *See Wilson v. JPMorgan Chase Bank NA*, No. C23-1827, 2024 WL 4592967, at *1 (W.D. Wash. Oct. 28, 2024) (considering untimely motion for reconsideration as Rule 60(b)

ORDER ON RULE 60(B) MOTION – 1

motion); *Zayas v. Krause*, No. C20-1001, 2022 WL 5155141, at *1 (W.D. Wash. Oct. 5, 2022) (construing plaintiff's filing "as either a request for relief from the judgment under Federal Rule of Civil Procedure 60(b) or as a motion for reconsideration under [Local Civil Rule] 7(h)").

## II. BACKGROUND

This is a civil-rights action brought pursuant to 42 U.S.C. § 1983 ("Section 1983"). Plaintiff is proceeding pro se and *in forma pauperis*. On June 5, 2025, the Court docketed Plaintiff's complaint. Dkt. No. 5. On August 5, 2025, the Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 9. The Court dismissed it as insufficiently pleaded, Plaintiff having failed to state a claim upon which relief could be granted. *See generally id.* In the pleading, Plaintiff alleged 23 claims against some 12 Defendants. *See* Dkt. No. 5 at 11–15. The Court dismissed certain claims with prejudice and certain claims without prejudice, with leave to amend. *See* Dkt. No. 9 at 15. Specifically, the Court dismissed with prejudice: three claims against Washington State Patrol employee Brian Gavin (or Galvin) (*see id.* at 5–7); three claims against the Washington State Patrol (*see id.* at 9); two claims against the City of Lake Forest Police Department (*see id.* at 10); two claims against two public defenders who represented Plaintiff in state court (*see id.* at 12); and one claim against the "State of Washington/The Governor/Voters of the City of Seattle King County" (*see id.* at 13).

On August 22, 2025, Plaintiff filed the instant motion, seeking to overturn the Court's dismissals with prejudice. Dkt. No. 10.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) allows a party to move for relief from "a final judgment, order or proceeding" for one of six stated reasons:

    (1) mistake, inadvertence, surprise, or excusable neglect;

    (2) newly discovered evidence that, with reasonable diligence,

        could not have been discovered in time to move for a new trial
        under Rule 59(b);

        (3) fraud . . . , misrepresentation, or misconduct by an opposing
        party;

        (4) the judgment is void;

        (5) the judgment has been satisfied, released, or discharged; it is
        based on an earlier judgment that has been reversed or vacated; or
        applying it prospectively is no longer equitable; or

        (6) any other reason that justifies relief.

Relevant here, "There are no fixed standards to determine the parameters of mistake . . . under [Rule] 60(b)(1)." *Ha v. McGuiness*, No. C07-3777, 2009 WL 462803, at *1 (N.D. Cal. Feb. 23, 2009). Such a decision "turns upon the unique factual background of the particular case." *Id.* As to Rule 60(b)(6), "A party seeking Rule 60(b)(6) relief must always demonstrate 'extraordinary circumstances' justifying relief." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 214 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).

### IV.    DISCUSSION

Here, the grounds for relief provided in Rule 60(b)(2)–(5) are inapplicable. The Court has not issued judgment in this case, and the evidence that Plaintiff has attached to his motion—correspondence related to a 2023 customer-service complaint that Plaintiff made against Intoxalock, a servicer of ignition interlock devices; and a King County Superior Court case report dated October 7, 2022—could have been presented to the Court before it issued the Order that Plaintiff now challenges. *See* Dkt. No. 10 at 11–14. Further, Plaintiff does not assert any "inadvertence, surprise, or excusable neglect." The Court will thus evaluate Plaintiff's motion first on the basis of "mistake" under Rule 60(b)(1), then under the "any other reason" catch-all of Rule 60(b)(6). *See Kemp*, 596 U.S. at 533 (noting that relief under Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable").

### A. Mistake

"[M]istake in Rule 60(b)(1) includes legal errors made by judges." *Contreras-Bustillos v. County of Yellowstone*, No. C23-107, 2024 WL 1241039, at *1 (D. Mont. Mar. 22, 2024) (quoting *Kemp*, 596 U.S. at 535) (internal quotation marks omitted). Plaintiff seeks to have the Court "reconsider ALL his claims that were dismissed with prejudice via the 'Systematic Continuing Wrong Doctrine', which in plaintiff's original complaint shows a consistent pattern of retaliation and racial harassment for the last 10 years." Dkt. No. 10 at 7. Plaintiff argues that he "showed a 10-year trail of retaliation and racial harassment by various State and City officials by dates adding up until today." *Id.* at 5. There are two problems with Plaintiff's position.

First, Plaintiff cannot simply aggregate alleged wrongs committed against him by a diverse collection of public actors, then assert that the whole thing represents a single continuing civil-rights violation perpetrated by a monolithic state. The Ninth Circuit "has repeatedly held that a 'mere continuing *impact* from past violations is not actionable.'" *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Grimes v. City & County of San Francisco*, 951 F.2d 236, 238–39 (9th Cir. 1991)). Under existing precedent, then, Plaintiff's assertion that he "has been wickedly hindered and constantly denied better opportunities due . . . to the discriminatory actions by each defendant" (Dkt. No. 10 at 6) cannot provide the basis for a continuing violation.

Second, Plaintiff's recitation and application of the continuing violation doctrine is incorrect. *See id.* at 4. Plaintiff cites *Morgan v. National Railroad Passenger Corp.*, 232 F.3d 1008 (9th Cir. 2000), for the proposition that a court may "consider conduct that occurred before the limitations period as long as the untimely incidents represent an ongoing unlawful employment practice." Dkt. No. 10 at 4. This is not good law. The Ninth Circuit's decision in *Morgan* was appealed to the Supreme Court, which reversed the holding as too broad, finding instead that "*discrete discriminatory acts* are not actionable if time barred, even when they are

related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (emphasis added).[1] That is to say, for liability purposes, a specific act of abuse—such as an incident of assault, *see St. Clair v. County of Okanogan*, 154 F.4th 1154, 1156 (9th Cir. 2025)—for which the statute of limitations has run, cannot form the basis of a Section 1983 claim. *See, e.g.*, *Elliot v. Station*, No. C11-1536, 2012 WL 2375000, at *4 (D. Or. June 22, 2012).

### 1. Defendant Gavin

The Court dismissed "Claim One First Defendant," against Gavin, with prejudice, because in the claim, Plaintiff alleged an assault and battery that had occurred during a traffic stop "nearly 10 years" before Plaintiff filed the complaint. Dkt. No. 9 at 6. Washington's three-year statute of limitations thus operated to time-bar the cause of action. *Id.* (citing RCW 4.16.080(2)). The complained-of conduct was "an independently wrongful, discrete act" for statute-of-limitations purposes. *St. Clair*, 154 F.4th at 1156 (citing *Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012)). In dismissing the claim, the Court properly found that the statute of limitations had expired as to this incident. Dismissal with prejudice was therefore appropriate. Similarly, the Court also properly dismissed with prejudice "Claim Two First Defendant," against Gavin, as this incident—wherein "Defendant Gavin waited about 2 hours to take a 'Warrantless Blood Draw' from the plaintiff" on or about November 29, 2015 (*see* Dkt. No. 9 at 6)—was also an independently wrongful, discrete act. The Court properly concluded that the statute of limitations had expired as to this incident.

---

[1] *Morgan* was an employment-discrimination case brought under Title VII of the Civil Rights Act of 1964, but it is applicable here. The Ninth Circuit has "applied *Morgan* to bar § 1983 claims predicated on time-barred acts, notwithstanding that those acts are related to timely-filed claims." *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 829 (9th Cir. 2003) (citing *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002)).

The Court dismissed "Claim Three First Defendant," against Gavin, with prejudice, because the claim was predicated on "false testimony that Defendant Gavin gave during a trial in which Plaintiff was a defendant." Dkt. No. 9 at 7. As the Court explained, "police witnesses[] are immune from liability under Section 1983 for their testimony in earlier proceedings even if they committed perjury." *Id.* (quoting *Paine v. City of Lompoc*, 265 F.3d 975, 981 (9th Cir. 2001)) (citation modified). Irrespective of the continuing violation doctrine, dismissal with prejudice was appropriate for this claim because, under Ninth Circuit precedent, Defendant Gavin had not done anything for which he could be held liable under Section 1983.

### 2. Defendants Washington State Patrol and City of Lake Forest Police Department

The Court dismissed all three claims against Defendant Washington State Patrol/Police with prejudice. *See* Dkt. No. 9 at 9. The Court's dismissal with prejudice was proper because, as the Court stated, "[a] governmental agency that is an arm of the state is not a 'person' for purposes of § 1983." *Id.* (quoting *Smith v. Washington State*, No. C14-5974, 2015 WL 2127124, at *3 (W.D. Wash. May 6, 2015)). As much as Plaintiff might wish to sue the agency under Section 1983, the law simply does not allow it. Plaintiff's continuing-violation argument is irrelevant. Similarly, the Court dismissed with prejudice two claims against defendant City of Lake Forest Police Department for the same reason. Dkt. No. 9 at 10. These dismissals were proper, too.

### 3. Defendants Parrent and Smith

The Court dismissed "Claim One Ninth Defendant" and "Claim One Tenth Defendant," which Plaintiff alleged against two public defenders whom he accuses of "ma[king] malpractice mistakes," because public defenders cannot be held liable under Section 1983 for their representation of criminal defendants. Dkt. No. 9 at 12. In a Section 1983 claim, it is immaterial

that Plaintiff might have been dissatisfied with the services that these attorneys provided him. *See* Dkt. No. 10 at 6 (arguing that defendant-attorneys' performance "f[ell] below an objective standard of reasonableness"). For that matter, it is also immaterial whether the attorneys' performance actually did or did not fall below an objective standard of competence. *See Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir. 2003). Therefore, the Court's dismissals with prejudice were proper.

4. **Defendant State of Washington et al.**

Finally, the Court dismissed "Claim One Twelfth Defendant," alleged against "State of Washington/The Governor/Voters of the City of Seattle King County," because "none of the allegations describe[d] misconduct that occurred after November 4, 2019," and were thus time-barred. Dkt. No. 9 at 13. Plaintiff did not allege any facts that would have rendered these claims timely.

\*     \*     \*

Having reviewed the claims that were dismissed with prejudice, the Court concludes that the dismissals were proper. It would therefore be inappropriate to disturb the prior Order on the basis of "mistake."

B. **Any Other Reason**

"Rule 60(b)(6) relief 'is available only where extraordinary circumstances prevented a litigant from seeking earlier, more timely relief.'" *Johnson v. CFS II, Inc.*, 628 F. App'x 505, 505 (9th Cir. 2016) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). The "Rule is to be 'used sparingly as an equitable remedy to prevent manifest injustice . . . .'" *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). Here, Plaintiff does not demonstrate any extraordinary circumstances that would justify overturning the Court's prior Order; he

merely disagrees with it. This is not sufficient to prevail on a Rule 60(b) motion. *See Barber v. Oregon*, No. C19-1631, 2020 WL 13635038, at *2 (D. Or. Jan. 30, 2020) ("Plaintiff disagrees with the Court's findings and conclusions, but mere dissatisfaction with the Court's order of dismissal or belief that the Court is wrong in its decision are not adequate grounds for relief.") (citing *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)).

### V. CONCLUSION

Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 10) is DENIED.

Tana Lin
United States District Judge